FUGA SELEGA, Appellant
POGAI and FAAFIA (who did not appeal)

v.

MAGEO FELISE, Appellee

No. 76-1963

High Court of American Samoa

Civil Jurisdiction, Appellate Division

[Land: "Vaitafe" in Pago Pago]

March 17, 1964

Lutu, counsel for Fuga Selega.

Mageo, *pro se*.

MORROW, *Chief Justice.*

Mageo Felise filed his application with the Registrar of Titles to have 1.01 ± acres of land called by him Vaitafe in

Pago Pago registered as the communal family land of the Mageo Family. A survey of the land proposed to be registered accompanied the application. Pogai and Faafia filed an objection to the proposed registration claiming that a portion of the land was the communal family land of the Taito Family. Fuga Selega also filed an objection claiming that all the land was the communal family land of the Fuga Family. At the trial in the lower court, it appeared that Pogai and Faafia's claim was limited to about 450 square feet or approximately 1% of the land involved, while Fuga's claim was limited to about one-sixth of such land or about one-sixth of an acre.

After hearing, the trial court decreed that the land involved should be registered as the communal family land of the Mageo Family and that the claims of the objectors be denied.

Fuga Selega has appealed from the decree of the trial court. Pogai and Faafia did not appeal.

Fuga's grounds of appeal are not clearly stated. However, it appears to us that his claim on appeal is in substance to the effect that the Court's finding that the land claimed by him was Mageo land instead was contrary to the weight of the evidence, and that the Court erred in decreeing that his claim filed as an objector be denied.

The statute, Sec. 3.0503, A. S. Code, 1961 Ed., sets out the power of this Court on appeal. It provides that

"The Appellate Division of the High Court on appeal . . . shall have power to affirm, modify, set aside, or reverse the judgment or order appealed from . . . and to remand the case with such directions for a new trial or for the entry of judgment as may be just. The *findings of fact* (emphasis ours) of the Trial and Probate Divisions of the High Court in cases tried by them shall not be set aside by the Appellate Division of that Court unless *clearly erroneous* (emphasis added)...."

900

The question before us is whether upon the evidence the finding by the Trial Division that the land claimed by Fuga was in fact Mageo land was clearly erroneous.

There was much conflicting testimony in this case. Fuga's and Mageo's testimony was in very sharp conflict. We have reviewed this record with care.

Fuga testified that the Fuga and Taito Families are one family. Pogai, 57 years old and a member of the Taito Family, testified that she had lived on land adjoining the land in dispute all of her life and that some of the land within the surveyed area offered for registration by Mageo was Fuga land.

█ The Assembly of God Church has a lease of land adjoining the surveyed land. It has been occupied by the Church for church purposes for many years. It is admittedly Fuga land and is leased by Fuga to the Church. Pogai testified that this land occupied by the Church was land given to the Fuga for a guest house by the Taito. Fuga Gafoa had this land surveyed before a prior lease was made to the Church back in 1946. The land surveyed for the Church lease comes to within about 20 feet of the Fagasa road. It would seem, as the trial court believed, that if Fuga Gafoa had considered this 20 feet as Fuga land he would have surveyed it in when surveying the adjoining land prior to leasing it to the Church. Pogai, who, as we have said, has lived on adjoining land all of her 57 years, not only testified that Fuga had no land inside the surveyed area, but also that his land was limited to the land leased to the Church, which is admittedly outside the surveyed area. She in effect testified that the land claimed by Fuga was Mageo land. She also testified that it had been cleaned and used by Mageo's children.

█ We have reviewed the record carefully. We cannot say, in view of the evidence, particularly the testimony of

Pogai, that the finding of the trial court that the land claimed by Fuga inside the surveyed tract was in fact Mageo land instead of Fuga land was clearly erroneous. We are satisfied that from the evidence the trial court could reasonably come to the conclusion that such land was Mageo land and not Fuga land. Such finding had substantial support in the evidence.

The decree of the trial court should be affirmed.

### ORDER

IT IS HEREBY ORDERED that the decree of the Trial Division of the High Court in the case of *Mageo Felise of Pago Pago v. Fuga Selega of Pago Pago and Pogai and Faafia of Pago Pago*, No. 76-1963, be and the same is hereby affirmed. The land offered for registration by Mageo in this case as the communal family land of the Mageo Family will be registered as the communal family land of the Mageo Family of Pago Pago. Such land comprises 1.01 ± acres.

Costs in the sum of $9.50 are hereby assessed against Fuga Selega, the same to be paid within 30 days.